## ZELLER v. JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS.

No. 11436.

District Court, E. D. Missouri, E. D.

Feb. 15, 1940.

Dubinsky & Duggan, by Jerome F. Duggan, of St. Louis, Mo., for plaintiff.

Leahy, Walther, Hecker & Ely, by Lyon Anderson, of St. Louis, Mo., for defendant.

MOORE, District Judge.

■ Option A of the non-forfeiture provisions of the policy sued upon provides for the unconditional commutation of the policy for non-forfeitable paid-up insurance upon lapse for non-payment of premium within the meaning of Section 5744, R.S. Mo.1929, Mo.St.Ann. § 5744, p. 4395. Therefore, Section 5741, R.S.Mo.1929, Mo.St.Ann. § 5741, p. 4388, is not applicable to the policy in suit. Plaintiff in this case is only entitled to the amount of paid-up insurance which the net cash surrender value used as a net single premium would purchase on the date of lapse, September 15, 1933, according to Option A of the non-forfeiture options of the policy.

Under the terms of Option A of the non-forfeiture provisions of said policy, on September 15, 1933, the date of the lapse of said policy, said insurance was automatically commuted into a paid-up policy for life in the sum of Forty Dollars ($40). Therefore, plaintiff is entitled to the sum of Forty Dollars ($40), plus the post mortem dividend in the sum of Twenty-four Cents (24¢).

■ Defendant having tendered to plaintiff the sum of Forty Dollars and Twenty-Four Cents ($40.24), and having kept said tender good by a deposit of same into the registry of this Court upon filing its answer, is entitled to the judgment of this Court that it go hence without day and recover its costs.

A formal judgment in accordance with the foregoing will be hereafter entered of record in this cause.